STEPHANIE PAGLIA, a Minor, by Her Father and Next Friend, Larry Paglia, *et al.*, Plaintiffs-Appellees, v. KENNETH V. GOODMAN, JR., *et al.*, Defendants-Appellants.

Fifth District   No. 5—89—0113

Opinion filed March 1, 1990.

Kim Roger Luther, of St. Louis, Missouri, for appellants Emergency Medical Care, Inc., and Kenneth V. Goodman, Jr.

Mary Anne Mellow, of Shepherd, Sandberg & Phoenix, of St. Louis, Missouri, for appellant Memorial Hospital of Carbondale.

Cook, Shevlin, Keefe & Ysursa, Ltd., of Belleville (Thomas Q. Keefe, Jr., of counsel), for appellees.

JUSTICE HOWERTON delivered the opinion of the court:

We affirm the St. Clair County circuit court's denial of defendants' motion to transfer this case from St. Clair County to Jackson County on grounds of *forum non conveniens*.

Five-year-old Stephanie Paglia was treated in the emergency room at Memorial Hospital of Carbondale, in Jackson County, Illinois. Complications caused her to be transferred to Children's Hospital in St. Louis, Missouri, where she eventually had a leg amputated. She, through her father, and her father in his own right, sued defendants in St. Clair County, claiming that the medical negligence of defendants in treating her in Carbondale caused her to lose her leg. Defendant Kenneth Goodman, Jr., M.D., the emergency room physician, was working at Memorial Hospital of Carbondale pursuant to a contract between the hospital and his employer, Emergency Medical Care, Inc. (EMC).

In support of its order denying defendants' motion for transfer on the grounds of *forum non conveniens*, the circuit court found that: (1) plaintiffs are residents of St. Louis County, Missouri; (2) defendants Goodman and EMC are residents of St. Louis County, Missouri; (3) EMC does substantial amounts of business in St. Clair County, Illinois; (4) there would be very little evidence adduced from Jackson County, Illinois, or adjoining counties; (5) minor plaintiff received the substantial portion of her treatment at Children's Hospital in St. Louis, Missouri; (6) there are a significant number of witnesses from Children's Hospital who reasonably would be expected to testify as to

both liability and damages; (7) plaintiffs' expert testimony will come from a witness located in St. Louis, Missouri; and (8) "out of town" experts, if any, will have easier access to St. Clair County than Jackson County given the proximity of Lambert International Airport. The record supports the circuit court's findings.

██ Whether a *forum non conveniens* motion should be granted or denied rests with the sound discretion of the circuit court. (*Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 494 N.E.2d 1206.) In reviewing the circuit court's decision, we are not concerned with whether the circuit court exercised its discretion wisely, but only with whether its discretion has been abused. (*Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 490 N.E.2d 694.) Accordingly, the circuit court's decision will be set aside "only if it is shown that the court abused discretion in weighing the relevant considerations." *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 118, 497 N.E.2d 745, 747.

██ █ When deciding whether *forum non conveniens* applies, a court must balance private interest factors "affecting the convenience of the litigants" and public interest factors "affecting the administration of the courts." (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 224-25, 506 N.E.2d 1291, 1294-95.) In *Bland*, the Illinois Supreme Court set forth the various factors to be considered by the circuit court when deciding a *forum non conveniens* motion:

"Factors relating to the private interests of the litigants include the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of case easy, expeditious and inexpensive.' [Citation.]

Public factors relevant here include the administrative difficulties flowing from court congestion; 'a local interest in having localized controversies decided at home'; and the unfairness of burdening citizens in an unrelated forum with jury duty. [Citations.]

\* \* \*

'If there are sufficient factors that favor the plaintiff's choice of forum, then the defendant's inconvenience should not be considered, provided venue is proper. For unless the balance strongly favors the defendant, then the plaintiff should be able to exercise his statutory right to choose his forum. [Citation.]'"

*Bland,* 116 Ill. 2d at 224-25, 506 N.E.2d at 1294-95.

Here, we do not find that the "balance strongly favors the defendant[s]." Instead, we find that "there are sufficient factors favoring plaintiff[s'] choice of forum." For instance, because a vast majority of the medical records are located in St. Louis County, clearly St. Clair County has greater "ease of access to sources of proof" than does Jackson County. Further, while we note that Illinois courts cannot compel any witnesses from Missouri to testify at trial, we also note that if those witnesses were to testify, "the cost of obtaining attendance of willing witnesses" would favor St. Clair County.

■ Defendants argue that because plaintiffs have chosen a forum of which they are not residents, their choice should be afforded little deference. Little deference, however, does not mean no deference, and "we must still presume that plaintiff has chosen the forum because it is convenient to her, especially where she is not a resident of the State of Illinois and her counsel have their offices in the chosen forum." *Hoffmeister v. K mart Corp.* (1989), 181 Ill. App. 3d 739, 742-43, 537 N.E.2d 460, 462.

■ A cause should be transferred on *forum non conveniens* grounds only in exceptional circumstances when it has been shown that the interests of justice require a trial in a more convenient forum. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 346, 456 N.E.2d 601, 605.) The record before us does not establish that the cause before us is such a case. We find no abuse of discretion in the circuit court's denial of defendants' motion to transfer on the grounds of *forum non conveniens.*

Therefore, the order of the circuit court is affirmed.

Affirmed.

LEWIS, P.J., and GOLDENHERSH, J., concur.