FIFTH DIVISION

March 31, 2000

No. 1-99-2445

HAPAG-LLOYD (AMERICA), INC., ) Appeal from the 

) Circuit Court of

Plaintiff-Appellant, ) Cook County

) 

) 

HOME INSURANCE COMPANY; ) 

THREE I TRUCK LINE, INC.; CRST )

INTERNATIONAL, INC.; CONNECTICUT ) No. 99 CH 6275

INDEMNITY COMPANY; UNITED ) 

NATIONAL INSURANCE COMPANY; )

FEDERAL INSURANCE COMPANY; )

WILLIAM VASILION and  NORTHERN )

TRUST COMPANY, as Plenary Co-Guardians )

of the Estate of DIANE VASILION; )

WILLIAM VASILION, Indiv.; RICHARD ) The Honorable

WEGNER; and RAGINA WEGNER, ) Albert Green,

) Judge Presiding.

Defendants-Appellees. ) 

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff, Hapag-Lloyd (America), Inc. (Hapag-Lloyd), was a codefendant with Three I Truck Line (Three I) in an underlying tort action brought by defendants Diane Vasilion, William Vasilion, Richard Wegner, and Ragina Wegner (Vasilion/Wegner parties).  Hapag-Lloyd  brought suit seeking a declaration that insurance policies issued by Home Insurance Company (Home), Connecticut Indemnity Company (Connecticut), and Federal Insurance Company (Federal) all provide coverage for the adverse judgment entered against Hapag-Lloyd and Three I in the underlying tort action, where they were found to be jointly and severably liable for $42 million.
(footnote: 1) Prior to this action, Home filed a lawsuit in the United States District Court for the Northern District of Illinois (the Federal Action) seeking a declaration that it was not required to provide insurance coverage to Three I for the underlying tort judgments because Three I failed to provide Home timely notice of its claim.  Both Home and Three I moved to dismiss or stay Hapag-Lloyd's complaint, pursuant to section 2-619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(3) (West 1998)), on the basis that Home had already filed the Federal Action.

On June 30, 1999, the trial court granted Home and Three I's motion to stay and ruled that Three I's interests in the Federal Action were "substantially similar" to Hapag-Lloyd's interest in the state action and, therefore, that the two actions involved the "same parties."  The trial court also found that because the Federal Action involved some of the same facts as the state action, the two were for the "same cause." 

 Hapag-Lloyd appeals, claiming that the circuit court erred in granting the motion to stay because the state action does not involve the same parties or the same cause as the Federal Action.  Furthermore, Hapag-Lloyd claims that the trial court abused its discretion in not properly addressing factors which, if given appropriate considerations, would have weighed against a stay.  For the reasons that follow, we reverse the trial court's order granting Home and Three I's motion to stay and remand the matter to the circuit court.

Generally, we will apply a 
de novo
 standard of review to a motion to dismiss because the motion does not require the trial court to weigh facts or determine credibility.  
Miller v. Thomas
, 275 Ill. App. 3d 779, 786 (1995), citing
 
Federal Insurance Co. v. St. Paul Fire & Marine Insurance Co.
, 271 Ill. App. 3d 1117, 1121 (1995), and 
Cruz v. Illinois Masonic Medical Center
, 271 Ill. App. 3d 383, 384 (1995).  However, when such a motion to dismiss is inherently procedural, such as a section 2-619(a)(3) motion seeking dismissal because another action is pending between the same parties for the same cause, the motion urges the trial court to weigh several factors to determine if it is appropriate for an action to proceed.  
Miller
, 275 Ill. App. 3d at 786; see also
 
Katherine M.. v. Ryder
, 254 Ill. App. 3d 479, 487 (1993); 
Kellerman v. MCI Telecommunications Corp.
, 112 Ill. 2d 428, 447 (1986).  Due to this weighing of evidence, the courts in both 
Katherine M.
 and 
Kellerman
 considered their motions to dismiss under an abuse of discretion standard, the required alternative.  
Katherine M..
, 254 Ill. App. 3d at 487; 
Kellerman
, 112 Ill. 2d at 447 (both citing 
A.E. Staley Manufacturing Co. v. Swift & Co.
, 84 Ill. 2d 245, 252-

53 (1980)).  Here, the record reflects that the trial court did weigh the factors in determining whether extrinsic facts surrounding the motion could justify a stay.  As a result, the standard we are to use in making our determination is whether the trial court abused its discretion in deciding to grant the stay.  
Kaden v. Pucinski
, 263 Ill. App. 3d 611, 615 (1994), citing 
Zurich Insurance Co. v. Raymark Industries, Inc.
, 213 Ill. App. 3d 591, 594-95 (1991).  

Plaintiff asserts that Home and Three I have not established the two threshold requirements necessary for the trial court to grant section 2-619(a)(3) relief and that the trial court ignored critical discretionary factors.  This statute provides:

" 2-619
 
Involuntary dismissal based upon certain defects or defenses. (a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds.  If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

* * *

(3) That there is another action pending between the same parties for the

same cause."  735 ILCS 5/2-619 (West 1998).

It is, therefore, the burden of every section 2-619(a)(3) movant to demonstrate through clear and convincing evidence that the two actions involve both the same parties and the same cause.  Yet even if a movant has met its burden and established both the same parties and the same cause requirements, "the decision to grant or deny defendant's [movant's] section 2-619(a)(3) motion is discretionary with the trial court."  
Kellerman
, 112 Ill. 2d at 447, citing  
People 
ex rel.
 Department of Public Aid v. Santos
, 92 Ill. 2d 120, 125 (1982).  In its discretion, the trial court should consider four factors:  (1) comity; (2) the prevention of multiplicity, vexation, and harassment; (3) the likelihood of obtaining complete relief in a foreign jurisdiction; and (4) the 
res judicata
 effect of a foreign judgment in the local forum.  
Kellerman
, 112 Ill. 2d at 447-48, citing
 
Santos
, 92 Ill. 2d at 130. 

To the extent that the Federal Action and the state action did not involve the same parties, we note first that this requirement does not mean that the parties to both litigations must be identical.  
Schnitzer v. O'Connor
, 274 Ill. App. 3d 314, 318 (1995), citing 
Skipper Marine Electronics, Inc. v. Cybernet Marine Products
, 200 Ill. App. 3d 692, 695-96 (1990).  Rather, all that is necessary  is that the litigants' interests are sufficiently similar, even though the litigants  differ in name or number.   
Katherine M. v. Ryder
, 254 Ill. App. 3d at 487; 
Schnitzer
, 274 Ill. App. 3d at 318 (both citing 
Skipper Marine
, 200 Ill. App. 3d at 695-96).  We are mindful that such differences in name and number should not be totally overlooked, but observe that they are not determinative of different parties.

 It is uncontested that the Federal Action literally does not  involve the same parties as the state action because Hapag-Lloyd, Connecticut, Federal, and the Vasilion/Wegner parties were all unnamed in the Federal Action.  However, by itself, this fact is not enough to dissuade Illinois courts from a finding of same parties.  
Katherine M.
, 254 Ill. App. 3d at 487.  For example, in  
Kapoor v. Fujisawa Pharmaceutical Co.
, 298 Ill. App. 3d 780, 788-89 (1998), the plaintiff filed suit in a state court against two corporations and a number of individuals, while the two corporations had a prior suit pending against him in federal court.  The court held that the parties were the same even though the individual defendants were not parties in the federal action.  Furthermore, in 
West Bend Mutual Insurance Co. v. Salemi
, 158 Ill. App. 3d 241, 251 (1987), a co-insured plaintiff  brought suit in federal court against an insurance company, after which the company brought suit against both insureds in state court.  The court again held that the parties were the same despite the fact that one of the co-insureds was not a party to the federal suit.

In instances such as these, this court has overlooked party differences in name or number where more subtle, but significant, similarities abounded.  To note, in 
Kapoor
 and 
Salemi
, both 
adversarial
 parties in the underlying dispute were also adversarial parties in the action at hand.  In other words, this court was quick to find that there were the same parties when both adversaries in the action at hand were 
named parties
 in the underlying action.  This is not true of the present case, so that these cases are distinguished as to parties, like Hapag-Lloyd, which were named in one action but not the other.          

Our courts have also noted certain instances when the same party requirement should be relaxed.  
Zurich Insurance Co. v. Baxter International., Inc.
, 173 Ill. 2d 235, 250 (1996) (Freeman, J., specially concurring, joined by McMorrow, J.), citing  
Catalano v. Aetna Casualty & Surety Co.
, 105 Ill. App. 3d 195, 197 (1982) (requirement relaxed where parties in close privity); 
Perimeter Exhibits, Ltd. v. Glenbard Molded Binder, Inc.
, 122 Ill. App. 3d 504, 508-09 (1984) (requirement relaxed where parties in one action are nominal parties or their claims are not in issue); 
People 
ex rel.
 Fahner v. Climatemp, Inc.
, 101 Ill. App. 3d 1077, 1084 (1981) (parties are same legal entity).  We find that the facts before us do not mandate a relaxation of this requirement. 

 Rather, the facts are much more akin to those of 
Zurich Insurance Co. v. Baxter International, Inc
.
  In that case, Zurich brought suit in Illinois against Baxter, 17 HIV-infected tort claimants, and an entire group of excess insurers.  It sought a declaration that it had no duty under the policies it had issued to Baxter to defend the company against or indemnify it for the claims brought by those infected.  Baxter filed its own action in California, asking for a declaration that Zurich did have a duty under the policies to defend and indemnify it.  
Zurich Insurance Co. v. Baxter International, Inc
.,
 173 Ill. 2d at 238-39.  However, Baxter did not include the 17 infected tort claimants as defendants in its action.  It then filed a section 2-619(a)(3) motion to dismiss or stay in Illinois.  Yet the parties that were alleged to be the same were not the same in name or number, were not in privity with each other, were not legal entities of each other, did not belong to the same stock class as each other, and were not tacked on as "nominal parties." 

Accordingly, the court found that the Illinois and California actions did not involve the same parties and that entry of a stay constituted an abuse of discretion.  
Zurich Insurance Co. v. Baxter International, Inc.
, 173 Ill. 2d at 245-47.   Justice Freeman, joined by Justice McMorrow, gave a specially concurring opinion that bolstered the court's holding when he wrote, 
inter alia
, "this is not a case where the same parties requirement should be relaxed."  
Zurich Insurance Co. v. Baxter International, Inc.
, 173 Ill. 2d
 at 250.

In other words, a party's relationship to another will bear directly on and weigh heavily in deciding whether we should find the parties to be the same for purposes of this motion.  Yet Home and Three I have made no mention of any type of relationship that would allow us to overlook the fact that Hapag-Lloyd is absent from the Federal Action and to relax this requirement.  In light of the fact that this requirement will not be relaxed, we analyze their interests to determine whether they are sufficiently similar.

 In their attempt to meet the 
Katherine M..
 requirement of sufficiently similar interests, Home and Three I cite to the "well-established" maxim that "the rights of the judgment creditor against the insurer are no better than those of the [insured] tortfeasor."  
Insurance Co. of North America v. Cape Industries, Ltd.
 138 Ill. App. 3d 720, 724 (1985);
 
see also
 
Reisman v. Delgado
, 117 Ill. App. 3d 331, 333-34 (1983) (holding that a judgment creditor in garnishment proceedings against an insurer can only assert claims "the judgment debtor himself could have maintained").  Because Hapag-Lloyd has established itself as a judgement creditor,
(footnote: 2) both Home and Three I argue that Hapag-Lloyd has no greater rights than Three I against Home, can make no additional claims, and has, in effect, "sufficiently similar" interests as Three I.  We disagree.

It is Illinois public policy that underlying claimants have a substantial interest in how insurance questions are resolved.  The Illinois Supreme Court found that "this interest is best protected by having the claimants participate directly in the litigation between the insurance carrier and the insured, rather than by allowing the claimants to sue the carrier independently."  
Zurich Insurance Co. v. Baxter International, Inc.
, 173 Ill. 2d 235, 246 (1996); see also 
Flashner Medical Partnership v. Marketing Management, Inc.
, 189 Ill. App. 3d 45, 54 (1989) (holding that 
"[t]he tort claimants in this case plainly have interests in the outcome of the [insurance coverage] litigation because a declaration of noncoverage would eliminate a source of funds").  Consequently, if Hapag-Lloyd is not a necessary party to the coverage litigation in the Federal Action, then this is not a reason to defer to the federal court.  Indeed, "[i]t is a reason to insist that the Illinois action be allowed to proceed in the courts of Illinois."  
Zurich Insurance Co. v. Baxter International, Inc.
,
 173 Ill. 2d at 246.  Home and Three I are not allowed to use section 2-

619(a)(3) relief as a means to sidestep Illinois public policy.

In light of the differences between judgment creditors and policyholders, Illinois cases have consistently held that the insured party cannot adequately represent the interests of a judgment creditor.  
M.F.A. Mutual Insurance Co. v. Cheek
, 66 Ill. 2d 492, 495 (1977) (tort claimant in an underlying action is a necessary party to a declaratory judgment action brought to determine coverage for that claim)
; 
Flashner
, 189 Ill. App. 3d at 53-54
 (Illinois courts do not apply the doctrine of representation in insurance coverage cases because a declaration of noncoverage would eliminate a source of funds); 
Chandler v. Doherty
, 299 Ill. App. 3d 797, 805 (1998) (judgment creditors may have superior motivation than the insured to seek policy coverage).

  As a result, we find that the trial court failed to appreciate Hapag-Lloyd's status as a necessary and independent party to the Illinois action, and that this status would be jeopardized  if it were represented by Three I, such that a violation of Illinois public policy and substantial prejudice would result.  Thus, the trial court abused its discretion when it found Three I to be the "same party" as Hapag-Lloyd and that both of their interests were "sufficiently similar."

Regarding the issue of same cause, Home and Three I contend that this requirement should be applied liberally and that section 2-619(a)(3)'s "purpose is to foster orderly procedure by preventing a multiplicity of actions, [citation] and the court's analysis should be geared toward effectuating that purpose."  
Illinois Central Gulf R.R. Co. v. Goad
, 168 Ill. App. 3d 541, 544 (1988).  We refer to the history of the same cause analysis, as quoted in 
Terracom Development Group, Inc. v. Village of Westhaven
, 209 Ill. App. 3d 758, 762 (1991):

"Under section 2-619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2-619(a)(3)), a defendant may seek dismissal on the ground that 'there is another action pending between the same parties for the same cause.'  Our supreme court in 
Skolnick v. Martin
 (1964), 32 Ill. 2d 55, 57, 203 N.E. 2d 428, 429, stated that two actions are for the same cause where 'relief is requested on substantially the same state of facts.'  Moreover, according to this court, 'the crucial inquiry is whether the two actions arise out of the same transaction or occurrence [citation], not whether the legal theory, issues, burden of proof or relief sought materially differ between the two actions.'  (
Tambone v. Simpson
 (1980), 91 Ill. App. 3d 865, 867, 414 N.E. 2d 533, 535.)  The purpose of the two actions need not be identical; rather, there need only be a substantial similarity of issues between them.  (
People 
ex rel.
 Phillips Petroleum Co. v. Gitchoff
 (1976), 65 Ill. 2d 249, 357 N.E. 2d 534; 
Catalano v. Aetna Casuality & Surety Co.
 (1982), 105 Ill. App. 3d 195, 434 N.E. 2d 31; 
Tambone v. Simpson
 (1980), 91 Ill. App. 3d 865, 414 N.E. 2d 533)."    

We also note that this section refers explicitly to the "same cause" and not the "same cause of action."  
Illinois Central
, 168 Ill. App. 3d at 543.

The focus of this inquiry is that this requirement is met where both causes are based on substantially the same underlying facts or issues.  Here, both lawsuits do rise out of the same transaction or occurrence –  the underlying tort, the tort suits, and whether Three I complied with the notice provisions of the Home's insurance policy with respect to these tort actions.  However, Hapag-Lloyd asserts that the causes are different because they make additional claims against  additional defendants in the state suit, and that these claims involve different facts than those pled in the Federal Action.

 While we agree that such differences do exist, such differences between the suits are of little importance to the issue of whether the suits are for the same cause.  This court addressed a similar situation in 
Perimeter Exhibits
: "Merely because there were other additional issues and questions in the Cook County case does not destroy the substantial similarity of this issue between the two cases."  
Perimeter Exhibits, Ltd. v. Glenbard Molded Binder, Inc.
, 122 Ill. App. 3d 504, 509 (1984), citing 
Tambone
, 91 Ill. App. 3d at 868.  Moreover, "the presence of such additional allegations is not necessarily fatal to a 2-619(a)(3) motion; however, failure to meet the 'same parties' requirement would be."  
Perimeter Exhibits
, 122 Ill. App. 3d at 509.  Therefore, we find that the trial court was correct when it found that the same cause requirement had been met, but note that this satisfies only one of the two threshold requirements.

Even assuming that the same party and same cause requirements had been met, section 2-

619(a)(3) does not mandate automatic dismissal or stay.  Rather, the decision to grant or deny this motion is completely discretionary with the trial court.  In exercising its discretion, the trial court 
should consider
 the following four factors in exercising its discretion: (1) comity; (2) the prevention of multiplicity, vexation, and harassment; (3) the likelihood of obtaining complete relief in a foreign jurisdiction; and (4) the 
res judicata
 effect of a foreign judgment in the local forum.  
Kellerman
, 112 Ill. 2d at 447-48.  In applying these discretionary factors to the facts before us, we find that not one single factor was persuasive in favor of the stay.

This court previously has defined the issue of comity as "giving respect to the laws and judicial decisions of other jurisdictions out of deference."  
May v. Smithkline Beecham Clinical Laboratories, Inc.
, 304 Ill. App. 3d 242, 248 (1999), citing Black's Law Dictionary 267 (6th ed. 1990).  
This court also noted that principles of comity do not justify staying a matter when the competing case has only been pending for several months.  
Smithkline Beecham
, 304 Ill. App. 3d at 248.
  It is undisputed that the Federal Action was only pending for a bit more than four months at the time the trial court entered a stay order.

  In addition, the issues in the two cases are, for all practical purposes, identical.  So a judgment between these two parties would be no less conclusive in Illinois than it would be in the federal court.  However, it is Illinois public policy that underlying claimants have a substantial interest in how insurance questions are resolved.  Because all of the underlying claimants have been included in the state action to represent their individual interests, we feel that comity demands that deference should be given to the Illinois action, as section 2-619(a)(3) relief should not be used to 
fend off the public policy of the State of Illinois.   

Further, it is not apparent that the state action is duplicative or was intended to vex or harass the appellees.  The Illinois Supreme Court has noted that "multiple actions in different jurisdictions, but arising out of the same operative facts, may be maintained where the circuit court, in a sound exercise of its discretion, determines that both actions should proceed."  
A.E. Staley Manufacturing Co. v. Swift & Co.
, 84 Ill. 2d 245, 252-53 (1980).  There is no multiplicity of action here because the Federal Action does not bind plaintiff or the other excluded tort claimants.  Additionally, because the cases do arise out of the same operative facts, the discovery in the state action would likely mirror that of the federal, as all of the important documents have been identified.  The fact that some documents may be privileged is also impertinent to the stay, as appellees may ask for an 
in camera
 review to determine if a privilege exists.   

Another discretionary factor that should have been taken into account was whether the Federal Action could provide complete relief to all of the parties.  Ostensibly, it could not, for the issues involving coverage provided by Federal and Connecticut would remain unresolved.  Home suggests that the Illinois court could relitigate the issue of its liability under the policy and that, in any event, it has put up a $16 million bond in the appeal of the underlying case.  Of course, if that appeal were to be dismissed, the bond would disappear like a thief in the night.

 Home and Three I contend that the Federal Action will provide complete coverage to all parties, regardless of the outcome.  They posit two scenarios: if Three I wins in federal court, the full amount of the Home's policy of $16 million will be able to satisfy the underlying judgments with respect to Hapag-Lloyd, and the state court claims against Connecticut and Federal will become moot; alternatively, if Three I loses, the $16 million bond posted by Three I will then become available to Hapag-Lloyd, also rendering their case against the other claimants moot.  However, as a joint and several tort feasor, Three I could always be liable for the entire $42 million, which well exceeds the bond and Home's potential liability combined.  All of which posits a different scenario: appellant must shoulder more than its share of the judgment without having a chance to litigate its own interests for itself.  Additionally, we have already speculated on the effect of dismissal of the appeal of the underlying judgment.  

In addressing the issue of 
res judicata
, 
Zurich Insurance Co. v. Baxter International, Inc.
, clearly stands for the proposition that when a foreign action is less comprehensive, it has less 
res judicata
 effect because fewer parties are bound by that judgment.  
Zurich Insurance Co. v. Baxter International, Inc.
, 173 Ill. 2d at 246.    Because the Illinois action seeks a global resolution of all of the issues between all of the parties, it is decidedly more comprehensive and will have greater 
res judicata
 effect.  Moreover, the Federal Action will not be able to bind Home to its ruling, in effect, should Three I win.  For if Home loses, the court will most likely enter a garnishment action against Home, which it will then be able to fight and relitigate in state court.  As if two bites at the apple were not enough, if Home wins in federal court, then it would most likely proceed to state court, judgment in hand, and claim that the Illinois action is a declaration in nature no longer.  Rather, it would maintain that it should proceed as a garnishment in which it has no liability whatsoever.  To be certain, staying the Illinois case while allowing the Federal Action to proceed does not foster orderly procedure by preventing a multiplicity of actions.        

For the foregoing reasons, we find that the trial court abused its discretion in granting a stay of the present action because a threshold requirement for section 2-619(a)(3) relief was not met, the two actions did not involve the same parties, and none of the discretionary factors favored a stay of proceedings.  We reverse and remand the cause to the circuit court for further proceedings.

Reversed and remanded.

THEIS, P.J., and QUINN, J., concur.  

FOOTNOTES
1:  
The jury found that Hapag-Lloyd was 25% responsible for plaintiffs' injuries, so that its  
pro rata
 share of the total judgment was $10.7 million.  Three I was found to be 55% liable, so that its  
pro rata
 share was $23 million.  The jury further found that G&D Transportation was 20% liable for approximately $8.4 million.

2: 
Hapag-Lloyd is a judgment debtor with a 
pro rata
 share of the judgment at $10.7 million and has a contribution judgment against Three I, which has not been satisfied.  Under 
Flashner Medical Partnership v. Marketing Management, Inc.
, 189 Ill. App. 3d 45 (1989)
, and 
Zurich Insurance Co. v. Baxter International, Inc.
, 
173 Ill. 2d 235
 (1996), discussed 
infra
, Hapag-

Lloyd is a "tort claimant."