NORTHBROOK PROPERTY AND CASUALTY INSURANCE COMPANY *et al.*, Plaintiffs-Appellants, v. GEO INTERNATIONAL CORPORATION *et al.*, Defendants-Appellees.—ROYAL INDEMNITY COMPANY, Intervenor and Plaintiff-Appellant, v. GEO INTERNATIONAL CORPORATION *et al.*, Defendants-Appellees.

First District (6th Division)  Nos. 1—99—1918, 1—99—1945 cons.

Opinion filed October 13, 2000.—Rehearing denied November 14, 2000.

Kralovec Marquard, Chtrd., of Chicago (David T. Nani and William E. Spizzirri, of counsel), for appellant Royal Indemnity Company.

Oppenheimer Wolff & Donnelly, of Chicago (Gregory S. Norrod, of counsel), Oppenheimer Wolff & Donnelly, of St. Paul, Minnesota (Bethany K. Culp and David M. Wilk, of counsel), for appellants Northbrook Property & Casualty Insurance Company and St. Paul Surplus Lines Insurance Company.

Jenner & Block, of Chicago (James D. Bernak and Matthew S. Miller, of counsel), for appellee Halliburton Company.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiffs Northbrook Property and Casualty Insurance Company, St. Paul Surplus Lines Insurance Company, and Royal Indemnity Company filed declaratory judgment actions seeking a declaration that they owed no duty to defend or indemnify their insured, GEO International Corporation (GEO), against a third-party lawsuit filed by Halliburton Company and Halliburton Energy Services, Inc. (collectively referred to as Halliburton). The circuit court dismissed plaintiffs' declaratory judgment complaints pursuant to section 2—619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(3) (West 1996)), finding that the third-party claims brought by Halliburton against GEO involved the same parties and the same cause as plaintiffs' declaratory judgment actions. Plaintiffs appeal. We reverse and remand.

This case arises out of a personal injury action filed in Alaska against Halliburton for injuries allegedly caused by the explosion of an oil-well perforating gun designed by GEO and manufactured by Halliburton. Halliburton in turn filed a third-party action against GEO for contribution and indemnification. In its third-party complaint, Halliburton acknowledged that GEO "is presently subject to a protective stay in bankruptcy [and therefore] [a]ny claims by Halliburton against [Geo] is limited to any applicable insurance proceeds." Accordingly, the Alaskan court entered an order requiring Halliburton to "restrict its recovery to any available insurance proceeds."

GEO's insurers, plaintiffs Northbrook Property and Casualty Insurance Company (Northbrook), St. Paul Surplus Lines Insurance Company (St. Paul), and Royal Indemnity Company (Royal), subsequently filed declaratory judgment actions in Illinois, seeking a declaration that they owed no duty to defend or indemnify GEO in the underlying Alaska litigation because GEO did not timely notify them

of the suit. St. Paul and Royal also sought a declaration that they owed no duty to defend or indemnify GEO because their policies expired prior to the underlying occurrence.

In their respective pleadings, Northbrook, St. Paul, and Royal (hereinafter referred to collectively as plaintiffs) all named Halliburton as a defendant. Halliburton responded by filing a motion to dismiss pursuant to section 2—619(a)(3), arguing that the third-party action that it had filed against GEO in Alaska involved the same parties and the same cause as the declaratory judgment actions filed by plaintiffs in Illinois. The circuit court granted Halliburton's motion to dismiss, finding that plaintiffs were the real parties in interest in the Alaska third-party action and that the Alaska third-party action involved the same parties and the same cause as the Illinois action. Plaintiffs filed this timely appeal.

■ Section 2—619(a)(3) states:

"(a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

\*\*\*

(3) That there is another action pending between the same parties for the same cause." 735 ILCS 5/2—619(a)(3) (West 1996).

Every section 2—619(a)(3) movant must demonstrate by clear and convincing evidence that the two actions involve the same parties and the same cause. *Hapag-Lloyd (America), Inc. v. Home Insurance Co.,* 312 Ill. App. 3d 1087, 1091 (2000). Yet, even if the movant has established both the same parties and the same cause, the circuit court retains the discretion to grant or deny the section 2—619(a)(3) motion. *Hapag-Lloyd,* 312 Ill. App. 3d at 1091. In its discretion, the circuit court should consider the following factors when deciding whether to dismiss an action pursuant to section 2—619(a)(3): (1) comity; (2) the prevention of multiplicity, vexation and harassment; (3) the likelihood of obtaining complete relief in a foreign jurisdiction; and (4) the *res judicata* effect of a foreign judgment in the local forum. *Hapag-Lloyd,* 312 Ill. App. 3d at 1091. The circuit court's decision on a section 2—619(a)(3) motion to dismiss is reversed only if the circuit court abused its discretion. *Kapoor v. Fujisawa Pharmaceutical Co.,* 298 Ill. App. 3d 780, 786 (1998).

■ Plaintiffs were not named parties in the Alaska third-party action at the time that the Illinois circuit court granted the section 2—619(a)(3) motion to dismiss. Thus, the Alaska third-party action literally did not involve the same parties as the Illinois action. However, the parties in the two actions need not be identical in order

to be considered the "same parties" for purposes of a section 2—619(a)(3) motion. *Kapoor*, 298 Ill. App. 3d at 786. The "same parties" requirement is satisfied when the litigants' interests are sufficiently similar, even if the litigants differ in name or number. *Kapoor*, 298 Ill. App. 3d at 786. No bright-line test exists for determining whether the litigants' interests are sufficiently similar; instead, each case is decided on a case-by-case basis after considering all the relevant facts. See, *e.g., Kapoor*, 298 Ill. App. 3d 780; *Golden Rule Insurance Co. v. Robeza*, 151 Ill. App. 3d 801 (1986).

■ In the present case, Halliburton argues that plaintiffs share sufficiently similar interests in both the Alaska third-party action and the Illinois declaratory judgment action and, thus, are the same parties for purposes of the section 2—619(a)(3) motion to dismiss. Specifically, Halliburton argues that the Alaska trial court expressly authorized Halliburton to sue GEO in Alaska strictly as a nominal defendant for the purpose of proceeding against GEO's insurers (plaintiffs). Halliburton also notes that the Alaska trial court expressly ordered Halliburton to "restrict its recovery to any *available* insurance proceeds." (Emphasis added.) Halliburton contends that by including the word "available," the Alaska court meant that Halliburton could recover GEO's insurance proceeds only upon a finding that GEO was, in fact, entitled to coverage. Thus, Halliburton argues that the availability of insurance coverage is necessarily at issue in the Alaska third-party action and that the same issue (the availability of insurance coverage) is at the heart of plaintiffs' Illinois declaratory judgment action. Thus, Halliburton argues that plaintiffs' interests in the Alaska and Illinois actions are sufficiently similar such that plaintiffs can be considered the same parties in both actions for purposes of section 2—619(a)(3).

We disagree. Plaintiffs' interest in the Illinois action is to secure a declaration that there is no coverage under the policies and that plaintiffs therefore have no duty to defend or indemnify GEO against the third-party lawsuit filed by Halliburton. However, plaintiffs' interest is not shared by the two parties in the Alaska third-party action, specifically, Halliburton and GEO. Halliburton has an interest in *favor* of coverage so that funds are available for GEO to indemnify Halliburton for any monies that it pays to the personal injury plaintiffs. The other party, GEO, is a nominal party without any financial stake in the Alaska litigation and thus has no interest with regard to the coverage issue. Since plaintiffs' interests are not being represented by any of the parties in the Alaska third-party action, the circuit court abused its discretion in finding that the plaintiffs were the same parties in the Illinois and Alaska actions for purposes of section 2—619(a)(3).

As an alternative argument for reversing the dismissal order,

plaintiffs argue that Alaskan law prohibits direct actions against liability insurers; therefore, plaintiffs argue that the insurance coverage issues presented in the Illinois action cannot be adjudicated in the Alaska third-party action. Halliburton responds by citing *Weaver Brothers, Inc. v. Chappel*, 684 P.2d 123 (Alaska 1984), as holding that insurance coverage disputes may be adjudicated in the Alaska third-party action. We need not resolve this issue because, as discussed above, plaintiffs are not the same parties in the Illinois and Alaska actions for purposes of section 2—619(a)(3) and therefore we reverse the circuit court's dismissal order.

For the foregoing reasons, we reverse and remand.

Reversed and remanded.

BUCKLEY and GALLAGHER, JJ., concur.