MARIANN CROWELL, as Mother and Next Friend of Heather Crowell, a Minor, *et al.*, Plaintiffs-Appellees, v. ROBERT J. GOLZ *et al.*, Defendants-Appellants.

Fifth District    No. 5—00—0208

Opinion filed February 6, 2001.

Richard F. Record, Jr., and Julie A. Webb, both of Craig & Craig, of Mattoon, for appellants Robert J. Golz and Southern Illinois Orthopedic Clinic, S.C.

Dale L. Bode and Leslie G. Offergeld, both of Walker & Williams, P.C., of Belleville, for appellant Cal Johnson Answering Service, Inc.

Thomas Q. Keefe, Jr., of Thomas Q. Keefe, Jr., P.C., of Belleville, for appellees.

JUSTICE KUEHN delivered the opinion of the court:

The defendants, Robert J. Golz, M.D. (Golz), Southern Illinois Orthopedic Clinic, S.C. (the Orthopedic Clinic), and Cal Johnson Answering Service, Inc. (the Answering Service), appeal from the trial court's denial of their request to transfer this case from St. Clair County circuit court to Jackson County circuit court on the basis of *forum non conveniens.*

The appellant who took the lead on this appeal is the Answering Service. The Answering Service is a St. Clair County business with St. Clair County employees. The Answering Service has no ties to Jackson County—a fact that the Answering Service glosses over in its motion before the trial court and its briefs on appeal. Its arguments for the appropriateness of a transfer have no relation to its business or its employees. The Answering Service does not explain how St. Clair County could in any way be an inconvenient forum. We hope that the Answering Service's appeal does not portend the future of *forum non conveniens* motions.

## BACKGROUND

On August 30, 1996, Heather Crowell fell on an elementary school playground and fractured her left wrist. The fracture necessarily required the attention of Golz and the Orthopedic Clinic. Golz set the fracture. Heather's parents were instructed to immediately call if certain symptoms appeared over the upcoming weekend. Symptoms developed, and on Saturday, August 31, 1996, they called the telephone number provided by Golz's office and reported the symptoms. Because the Orthopedic Clinic was not open on Saturday, the call was most

likely transferred to its Answering Service. Someone called the Crowells back and advised that they simply needed to loosen Heather's bandage. What is not known is the identity of this person. The person who called the Crowells back was not Golz or anyone in his group. Golz was never contacted by his Answering Service about the Crowells' telephone call.

Following the weekend, Heather's condition had not improved, and the Crowells sought treatment. Heather was diagnosed with a compartment syndrome. In the following months, Heather underwent surgeries and much physical therapy in Missouri.

Ultimately, Heather and her mother filed suit against Golz and the Orthopedic Clinic for medical malpractice, alleging negligent postoperative care. This suit was filed in Jackson County, where Golz and the Orthopedic Clinic practice and the alleged negligent acts occurred.

Discovery ensued. Golz was deposed. He acknowledged that Heather probably developed the compartment syndrome on that Saturday and that, had he received a telephone call from the Answering Service, he would have properly diagnosed and treated the condition. Golz testified that the bandage-loosening advice the Crowells received was inappropriate given Heather's symptoms and her history. Golz's testimony brought into light the Answering Service's involvement in Heather's postoperative care. The Answering Service is a St. Clair County business with its employees residing in St. Clair County.

After Golz's deposition, Heather and her mother filed a new suit in St. Clair County circuit court against Golz, his Orthopedic Clinic, and the Answering Service. The claims against Golz and the Orthopedic Clinic were still based in medical malpractice. The claim against the Answering Service was based on alleged negligence in responding to the Crowells' telephone call.

Thereafter, Heather and her mother sought leave of court to dismiss the suit in Jackson County circuit court. Golz and the Orthopedic Clinic protested the dismissal request. The Jackson County suit remains pending.

Golz, the Orthopedic Clinic, and the Answering Service filed motions to transfer this case from St. Clair County to Jackson County, arguing that Jackson County was much more convenient to the parties and the witnesses and that Jackson County circuit court civil dockets were far less congested than the St. Clair County circuit court civil dockets. Golz and the Orthopedic Clinic also sought to have the St. Clair County suit dismissed pursuant to section 2—619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(3) (West 1998)) because of the pendency of the Jackson County suit, which they argued was identical in terms of substantive content.

After much written and oral argument, the St. Clair County trial court denied the defendants' motion to transfer and/or to dismiss the case. This March 20, 2000, order was without specific findings. All defendants appeal.

## FORUM NON CONVENIENS

Defendants contend that the trial court erroneously denied their motion to transfer the case from St. Clair County to Jackson County on the basis of *forum non conveniens*.

■ The doctrine of *forum non conveniens* begins with the assumption that there is more than one forum having jurisdiction and venue over the case. *Superior Structures Co. v. City of Sesser*, 277 Ill. App. 3d 653, 657, 660 N.E.2d 1362, 1366 (1996), citing *Wieser v. Missouri Pacific R.R. Co.*, 98 Ill. 2d 359, 364, 456 N.E.2d 98, 100 (1983). The trial court is vested with great discretion in determining whether the case should be transferred on the basis of *forum non conveniens*. *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336, 645 N.E.2d 184, 190 (1994). We will only reverse the trial court's decision relative to that issue if the trial court abused its discretion. See *Peile*, 163 Ill. 2d at 336, 645 N.E.2d at 190.

To conclude that *forum non conveniens* applies, the court must balance several public- and private-interest factors and determine that those factors weigh more heavily in favor of the party seeking to transfer the case. *Superior Structures Co.*, 277 Ill. App. 3d at 657-58, 660 N.E.2d at 1366-67, citing *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 106, 554 N.E.2d 209, 211 (1990). The public-interest factors are those matters impacting the court's administration, whereas the private-interest factors are those affecting the parties' convenience. *Superior Structures Co.*, 277 Ill. App. 3d at 657, 660 N.E.2d at 1366, citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843 (1947). The factors are flexible in their application, with no one factor given special emphasis. *Superior Structures Co.*, 277 Ill. App. 3d at 658, 660 N.E.2d at 1366, citing *Peile*, 163 Ill. 2d at 336-37, 645 N.E.2d at 190-91. Above all else, a plaintiff's choice of forum must be given substantial weight. *Superior Structures Co.*, 277 Ill. App. 3d at 658, 660 N.E.2d at 1366, citing *Peile*, 163 Ill. 2d at 336-37, 645 N.E.2d at 190-91.

Public-interest factors include court congestion, an interest in having "localized controversies decided at home," and the burden of jury duty upon local citizens in an unrelated forum. *Gulf Oil Corp.*, 330 U.S. at 509, 91 L. Ed. at 1063, 67 S. Ct. at 843.

Private-interest factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of

unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious[,] and inexpensive." *Gulf Oil Corp.*, 330 U.S. at 508, 91 L. Ed. at 1062, 67 S. Ct. at 843.

Based upon these legal principles, we turn to the issue of whether the trial court abused its discretion in denying the defendants' motion to transfer the case on the basis of *forum non conveniens*.

## I. Public Factors

■ There is no doubt that St. Clair County has a more congested docket than that of Jackson County and that this factor weighs in favor of Jackson County.

Whether the suit is a "localized controversy" and the burden, if any, on St. Clair County jurors goes to the heart of the matter. Defendants contend that this case involves a Jackson County plaintiff with a Jackson County injury and Jackson County treatment immediately following the accident. The Crowells counter that while the accident and initial treatment occurred in Jackson County, the vast majority of all medical treatment took place in St. Louis, Missouri, directly across the river from St. Clair County. Furthermore, the Crowells point out that the additional defendant, the Answering Service, committed its alleged negligence in St. Clair County, that the Answering Service is a St. Clair County company, and that its employees who would be prospective trial witnesses all reside in St. Clair County.

The central factual issue in this case that impacts the medical negligence allegedly committed by Golz and the Orthopedic Clinic is the mishandled call by the Answering Service. The alleged mishandling of that call took place in St. Clair County. The medical malpractice alleged by the Crowells stems from that call. The Crowells are not claiming that Golz and the Orthopedic Clinic committed any negligence in the treatment immediately following the accident. The malpractice, if any, allegedly related to their failure to properly diagnose and treat Heather's compartment syndrome when the Crowells called in and reached the Answering Service.

Given the fact that the central factual issue which comprises the theory of the case occurred in St. Clair County, coupled with the fact that all of the Answering Service witnesses reside in St. Clair County, we conclude that the suit presents a "localized controversy" and that St. Clair County jurors would not be burdened with hearing a nonlocal case.

## II. Private Factors

On balance, we find that the relative ease of access to sources of

proof and accessibility of witnesses favors St. Clair County. This is not a case where all medical sources of proof are located in the forum in which the defendants seek to transfer the case. Golz will certainly be a Jackson County medical witness, as he would be testifying about Heather's limited treatment in Jackson County and any other communications contained within her medical chart. Witnesses that the defendants speculate they will call include various medical support personnel regarding Heather's surgery by Golz within St. Joseph's Memorial Hospital. Defendants speculate that they will also call support staff employed by the Orthopedic Group as witnesses. Defendants continue to misstate the thrust of the St. Clair County suit. The judgment and treatment at issue are not what occurred at St. Joseph's Memorial Hospital but involve the call to the Answering Service. While remotely possible, we find it unlikely that these assorted Jackson County medical support staff would be called to testify at a trial of the issues surrounding the call to the Answering Service. All of Heather's subsequent treatment occurred in Missouri. Given Heather's extensive treatment, several Missouri health care providers will likely be called to testify. We acknowledge that St. Clair County would not be able to compel these Missouri witnesses to testify, but we note that if these witnesses were inclined to voluntarily testify, the costs associated with their attendance would be less given St. Clair County's close physical proximity to St. Louis, Missouri. See *Paglia v. Goodman*, 194 Ill. App. 3d 543, 546, 551 N.E.2d 810, 812 (1990).

No one argues that a view of the Jackson County playground where Heather fell is necessary.

### III. Plaintiff's Choice of Forum

While we must weigh the Crowells' forum choice heavily, we note that the Crowells are residents of Jackson County. Accordingly, we accord the Crowells' choice with slightly less deference. See *Peile*, 163 Ill. 2d at 338, 645 N.E.2d at 191. Furthermore, the injury took place in Jackson County, which also weighs against the Crowells' choice. See *Peile*, 163 Ill. 2d at 337-38, 645 N.E.2d at 191. The Crowells' choice is still entitled to some deference, although that deference is somewhat diminished. See *Paglia*, 194 Ill. App. 3d at 546, 551 N.E.2d at 812. Although the plaintiffs do not reside in St. Clair County and the injury did not take place in St. Clair County, there is a presumption that the plaintiffs chose St. Clair County because it was convenient to them. See *Paglia*, 194 Ill. App. 3d at 546, 551 N.E.2d at 812.

### IV. Balancing the Factors

The true controversy is the Answering Service's handling of the Crowells' telephone call. That occurred in St. Clair County. Therefore,

St. Clair County does have an interest in the outcome of this litigation, and St. Clair County jurors would not be burdened by having to hear this case. Because this litigation involves a St. Clair County incident and a St. Clair County company, numerous witnesses are located there. While there is at least one medical witness located in Jackson County, there are many, many more located in St. Louis, Missouri. St. Louis is much closer to St. Clair County than Jackson County is.

On balance, we find no basis to disturb the trial court's finding that the Crowells' choice of forum was not inconvenient. Defendants have failed to meet their burden of proving that Jackson County is the more convenient forum.

## MOTION TO DISMISS ON THE BASIS OF ANOTHER ACTION PENDING

■ Defendants also argue that the trial court should have granted their motion to dismiss pursuant to section 2—619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(3) (West 1998)). That section provides for the involuntary dismissal of a case if there is "another action pending between the same parties for the same cause." 735 ILCS 5/2—619(a)(3) (West 1998).

Typically, a trial court's decision to grant or deny a motion to dismiss will be reviewed *de novo* because in ruling upon the motion, the trial court would not have had to weigh facts or determine credibility. *Hapag-Lloyd (America), Inc. v. Home Insurance Co.*, 312 Ill. App. 3d 1087, 1090, 729 N.E.2d 36, 39 (2000). But, a motion to dismiss pursuant to section 2—619(a)(3) is procedural in nature, and therefore, a trial court's decision to grant or deny such a motion to dismiss is subject to reversal only if the trial court abused its discretion. *Hapag-Lloyd (America), Inc.*, 312 Ill. App. 3d at 1090, 729 N.E.2d at 39.

■ Clearly, the parties are not identical. But defendants argue that they have proven the "same cause" requirement because the litigants' interests are "sufficiently similar" and that therefore the St. Clair County case should have been dismissed. See *Katherine M. v. Ryder*, 254 Ill. App. 3d 479, 487, 627 N.E.2d 42, 48 (1993). While it is true that both cases begin with Heather's wrist fracture as a result of a Jackson County playground fall and Golz's surgical involvement with Heather's injury, the medical negligence alleged in the two suits is premised on entirely different sets of facts. The Jackson County suit assumes that Golz or another member of the Orthopedic Group rendered the advice to loosen Heather's bandage following the Crowells' call to the Answering Service. The St. Clair County suit is essentially premised on the negligence of the Answering Service in reach-

ing Golz. Golz has testified under oath that he was on call that weekend, that he did not receive a telephone call from the Answering Service relative to Heather's case, and that he did not render the advice to loosen Heather's bandage. Therefore, the two cases are sufficiently different to render involuntary dismissal inappropriate.

Although it does not bear upon the issue of whether the two suits present the "same cause," we must comment upon the reason the Jackson County case remains pending. After filing the second suit in St. Clair County, the Crowells tried to voluntarily dismiss their case, as is their right under section 2—1009 of the Code of Civil Procedure (735 ILCS 5/2—1009 (West 1998)). Golz and the Orthopedic Clinic filed motions seeking to bar this dismissal. We were not provided with copies of the Jackson County file, but we presume that either those defendants were successful in their efforts or the court has never ruled upon the Crowells' motion to voluntarily dismiss, since the Jackson County case remains pending. We can conceive of no reason these defendants would fight so strenuously to keep a lawsuit pending against them unless they did so expressly to thwart the Crowells' forum choice. We obviously cannot condone this practice as it only serves to decrease judicial economy.

Because we conclude that the two cases do not present the "same cause," we find that the trial court did not abuse its discretion in denying defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of St. Clair County is hereby affirmed.

Affirmed.

MAAG and WELCH, JJ., concur.