2024 IL App (1st) 231339-U

FIRST DISTRICT,
FIRST DIVISION
June 24, 2024

No. 1-23-1339

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

|  |  |  |
|---|---|---|
| JARED MAJERLE, | ) ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 22 L 1563 |
| WINONA 1302 LLC; and BAK HOME DEVELOPMENT PARTNERS, LLC, | ) ) ) | Honorable Michael F. Otto, |
| Defendants-Appellees. | ) ) ) ) | Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not abuse its discretion in dismissing the complaint of a condominium owner due to the pending action of the building's board of managers.

¶ 2    Plaintiff Jared Majerle owns one of six condominiums in a building located at 1302 Winona Street in Chicago. The condominiums were developed and originally owned by defendant Winona

1302 LLC[1] until they were sold to individual owners and the board of managers of the 1302 Winona Condominium Association ("Board") was turned over to the new owners. On May 9, 2020, the Board brought an action against defendants alleging various construction defects in the building. The trial court denied plaintiff's petition to intervene in the Board's action. On June 24, 2022, plaintiff filed a separate complaint against defendants, alleging nearly the same claims as the claims alleged in the Board's complaint. Defendants moved to dismiss plaintiff's complaint under Sections 2-619(a)(3) and 2-619 (a)(9) of the Code of Civil Procedure, arguing that "another action is pending between the same parties for the same cause" and that plaintiff lacked standing. The trial court found that the Board's lawsuit "is a prior pending action" and dismissed plaintiff's complaint pursuant to Section 2-619(a)(3). For the reasons that follow, we affirm.

¶ 3                                    BACKGROUND

¶ 4        The residential building at 1302 West Winona Street consists of six condominium units across three stories. Defendants originally developed and owned the units and incorporated the 1302 Winona Condominium Association ("Association") on June 7, 2019. The Association's board of directors was initially made up of principals from defendant Winona 1302 LLC. The six condominiums were sold throughout 2019 to individual owners, including plaintiff. Defendants' interest in the Board of the 1302 Winona Condominium Association was turned over to the new owners on December 7, 2019.

¶ 5        On May 9, 2020, the Board filed a complaint against defendants, alleging numerous defects in the construction of the building and units. The Board asserted, "Pursuant to Section 9.1(b) of the [Illinois Condominium Property] Act, the Board of Managers for the Association has standing and capacity to act in a representative capacity on behalf of its unit owner members in relation to

_____

[1] Codefendant Bak Home Development Partners, LLC is the sole managing member of defendant Winona 1302, LLC.

matters involving the common elements or more than one condominium unit." The Board's complaint alleged: (1) breach of contract/warranty, (2) breach of contract, (3) violation of the Consumer Fraud Act, (4) fraudulent concealment, and (5) piercing the corporate veil.

¶ 6        On April 19, 2022, plaintiff petitioned to intervene in the Board's action, alleging that his claims "and those of [the Board] share all questions of law and fact" and seeking to "carve out his individual claims from those asserted" by the Board. The circuit court denied plaintiff's petition on May 19, 2022.

¶ 7        On June 24, 2022, plaintiff filed a separate complaint against defendants, alleging breach of contract, violation of the Consumer Fraud Act, and common law fraudulent concealment. On July 25, 2022, defendants filed an "unopposed" motion to consolidate plaintiff's suit with the Board's lawsuit.

¶ 8        Before the court ruled on defendants' July 25th motion to consolidate, defendants filed a motion to dismiss plaintiff's lawsuit pursuant to section 5/2-619.1 of the Code of Civil Procedure on August 5, 2022. 735 ILCS 5-2-619.1. Defendants argued that plaintiff lacked standing under section 5/2-619(a)(9), that plaintiff's lawsuit was duplicative of the Board's lawsuit under section 5/2-619(a)(3), and that plaintiff had failed to specifically plead the fraud claims as required under section 5/2-615.

¶ 9        On August 19, 2022, the trial court granted defendants' motion to consolidate plaintiff's case with the Board's previously filed suit. On August 24, 2022, plaintiff filed a motion for substitution of judge as a matter of right, which the trial court granted on October 3, 2022.

¶ 10        On March 1, 2023, the trial court granted defendants' motion to dismiss plaintiff's complaint under section 2-619(a)(3) of the Code because "the two actions involve both the same parties and the same cause." After considering the four factors laid out by the Illinois Supreme

Court in *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 427, 447 (1986), the court found that plaintiff's "interest[s] are represented by the Board's lawsuit and defending against the [plaintiff]'s action would cause multiplicity and vexation." Because the court found this factor dispositive, defendants' other arguments were not addressed.

¶ 11       Plaintiff moved for reconsideration of the court's dismissal, arguing that "[t]he effect of the [court's] Order creates a situation in which an individual condominium unit owner who has standing can never bring his or her own action if the condominium association happens to file an action first." In denying plaintiff's motion to reconsider, the court noted that "[Section] 2-619(a)(3) says nothing about who files first" and that it did not believe that its order created "a race to the courthouse."

¶ 12                                                     ANALYSIS

¶ 13       On appeal, plaintiff argues that the trial court abused its discretion in dismissing his action pursuant to section 2-619(a)(3) because plaintiff's case "is not the 'same cause' as the [Board]'s Case." Defendants respond that the court properly dismissed plaintiff's complaint pursuant to section 2-619(a)(3) or, alternatively, that plaintiff lacked standing to bring the lawsuit under section 2-619(a)(9).

¶ 14       Generally, reviewing courts apply a *de novo* standard of review to a motion to dismiss because "the motion does not require the trial court to weigh facts or determine credibility." *Hapag-Lloyd (America), Inc. v. Home Ins. Co.*, 312 Ill. App. 3d 1087, 1090 (2000). However, "when such a motion to dismiss is inherently procedural, such as a section 2-619(a)(3) motion seeking dismissal because another action is pending between the parties for the same cause, the motion urges the trial court to weigh several factors to determine if it is appropriate for the action to proceed." *Overnite Transportation Co. v. International Brotherhood of Teamsters*, 332 Ill. App.

3d 69, 73 (2002). Where, as here, the trial court has weighed the factors in determining whether to grant a dismissal, the trial court's decision is reviewed for an abuse of discretion. *Id.* An abuse of discretion occurs where the trial court's ruling is "arbitrary, fanciful, or unreasonable, or where no reasonable person would take the same view." *People v. Illgen*, 145 Ill. 2d 353, 364 (1991).

¶ 15     Section 2-619(a)(3) provides for dismissal where "there is another action pending between the same parties for the same cause." 735 ILCS 2-619(a)(3) (West 2022). This section is "designed to avoid duplicative litigation and is to be applied to carry out that purpose." *Kellerman*, 112 Ill. 2d at 447.

¶ 16     The "same parties" requirement is satisfied "where the litigants' interests are sufficiently similar, even though the litigants differ in name or number." *Combined Insurance Co. of America v. Certain Underwriters at Lloyd's London*, 356 Ill. App. 3d 749, 754 (2005). Lawsuits present the "same cause" when "the relief requested is based on substantially the same set of facts." *Whittmanhart, Inc. v CA, Inc.*, 402 Ill. App. 3d 848, 853 (2010). "While different issues may have been raised in the two lawsuits or different relief may have been sought, 'the crucial inquiry is whether both arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof, or relief sought materially differs between the two actions.' " *Performance Network Solutions, Inc. v. Cyberix US, Inc.*, 2012 IL App (1st) 110137, ¶ 31 (quoting *Jackson v. Callan Publishing, Inc.*, 356 Ill. App. 3d 326, 337 (2005)).

¶ 17     While there is no dispute that the Board's lawsuit and plaintiff's lawsuit involve the "same parties," the lawsuits also involve the "same cause" because they arise from "substantially the same set of facts." *Whittmanhart, Inc.*, 402 Ill. App. 3d at 853. The trial court recognized that both complaints raise the same issues at the condo building, including "the moisture, plumbing, and garage" and plaintiff fails to allege "how his unit was uniquely affected by these issues compared

to the rest of the units." Even plaintiff acknowledged that "*of course* there is a large Venn diagram concerning the nucleus of operative facts out of which the [Board]'s and [plaintiff]'s actions arise." (Emphasis in original).

¶ 18    Plaintiff argues that his "*personal* interests \*\*\* could vary greatly from those of the Board in terms of remedies sought and the vision of success with respect to case handling and acceptable outcomes" (emphasis in original) but fails to identify these "interests" or otherwise develop this argument. Plaintiff's reliance on *Cushing v. Greyhound Lines, Inc.*, 2013 IL App (1st) 103197, ¶ 46, is similarly unavailing where the reviewing court's "analogous conclusion" was reached in an unpublished summary order.[2] Furthermore, *Cushing* involved a husband's "continuing attempt to intervene" in at least 13 lawsuits related to his wife's death after being struck by a bus and bears little factual resemblance to the instant case. *Id.* ¶ 6. Plaintiff is unable to establish that the "cause" alleged in his complaint was in any way different from the "cause" alleged in the Board's complaint.

¶ 19    We recognize that meeting the "same cause" and "same parties" requirements of section 2-619(a)(3) does not require automatic dismissal. *Performance Network Solutions*, 2012 IL App (1st) 110137, ¶ 33. Instead, the decision to dismiss is left to the discretion of the trial court. *Id.* Factors the court should consider in deciding whether to dismiss under section 2-619(a)(3) include: "comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum." *Kellerman*, 112 Ill. 2d at 447-48. Because not all four *Kellerman* factors "necessarily apply to each section 2-619(a)(3) dismissal," courts are not required to consider all four factors in every case. *Performance Network Solutions*, 2012 IL App (1st) 110137, ¶ 33.

---

[2] See *Enadeghe v. Dahms*, 2017 IL App (1st) 162170, ¶ 23 (We may decline to address any arguments that plaintiff makes that do not contain appropriate citation) (citing Ill. S. Ct. R. 341(h)(7)).

¶ 20    The only *Kellerman* factor applicable in this case, the prevention of "multiplicity, vexation, and harassment," weighs in favor of dismissal. *Kellerman*, 112 Ill. 2d at 447-48. Given the similarity of the parties and claims, dismissing plaintiff's complaint undeniably prevented "multiplicity, vexation, and harassment." Plaintiff's complaint contained nearly identical allegations as the Board's complaint. (*i.e.*, alleging the same building and design defects, including "exterior wall insulation, wall penetrations, windows, plumbing, garage, and related components."). Notably, plaintiff's complaint raised no new claims. The trial court did not abuse its discretion in determining that dismissing plaintiff's lawsuit was necessary to avoid duplicative litigation.

¶ 21    Plaintiff argues that the trial court's ruling "creates a situation in which an individual condominium owner who has standing can never bring his or her own action if the condominium association also happens to file." We disagree. As a unit owner at 1302 West Winona Street, plaintiff is subject to Section 9.1(b) of the Illinois Condominium Property Act, which states, in relevant part: "[t]he board of managers shall have standing and capacity to act in a representative capacity in relation to *matters involving the common elements or more than one unit, on behalf of the unit owners*, as their interests may appear." (Emphasis added) 765 ILCS 605/9.1(b). As discussed above, plaintiff's complaint is nearly identical to the complaint already pending *on behalf of the unit owners*.

¶ 22    Plaintiff also argues that the trial court "arbitrarily failed to consider prejudice" to him and contends that, "from a public[]policy perspective, it would be inequitable for the Court to deny [him] the opportunity" to bring his own claim against the defendants. The dismissal of plaintiff's complaint does not *entirely* prevent him from obtaining future individual relief. As this court noted in *Kennelly Square Condominium Ass'n v. MOB Ventures, LLC*, 359 Ill. App. 3d 991, 995-96

(2005), individual condominium owners "have the remedy of filing a derivative action against the Board if the Board fails to assert their claim against [third-party] defendants." *Id.* at 995. See also *Poulet v. H.F.O., L.L.C.*, 353 Ill. App. 3d 82, 100 (2004) ("[O]ur finding in this case does not bar individual unit owners from obtaining relief in the event that the [Board] fails to take action against the third parties.").

¶ 23     Considering the requirements for dismissal under section 2-619(a)(3), the *Kellerman* factors, and the trial court's apt analysis, the court's decision to dismiss plaintiff's complaint pursuant to section 2-619(a)(3) was not "arbitrary, fanciful, or unreasonable." *Illgen*, 145 Ill. 2d at 364.

¶ 24     Because we find no abuse of discretion in the dismissal of plaintiff's complaint under section 2-619(a)(3), we need not consider plaintiff's other arguments.

¶ 25                                    CONCLUSION

¶ 26     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 27     Affirmed.